UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIKRAM SHARMA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SITOA BOARD MEMBERS (ASIF MEHMOOD, FARHAD MUHAIUDIN, MOHAMMAD HAWARNEH, MUSHTQ A. KING, ZAHID KHAN),<br><br>　　　　　Defendants. | No. 2:19-cv-1070-JAM-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

This case was before the court on August 28, 2019, for hearing on defendants' motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (ECF No. 4) and plaintiff's motion to remand the case to state court (ECF No. 6).[1] Attorney Sierra Vierra appeared on behalf of defendants, and plaintiff appeared pro se. For the reasons that follow, defendants' motion must be granted and plaintiff's motion denied.[2]

/////

---

[1] Plaintiff's motion, which was styled as a motion to transfer venue, was previously construed by the court as a motion to remand. *See* ECF No. 8.

[2] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

I.    Motion to Remand

On June 12, 2019, defendants timely removed this action from the California Superior Court for the County of Sacramento under 28 U.S.C. § 1331. ECF No. 1. Plaintiff moves to remand the case to state court, arguing that he did not consent to the removal of the case and that the state court is better suited to handle the case because it has already adjudicated related actions. *Id*. at ECF No. 6, at 1 - 2. Defendants respond that plaintiff's complaint asserts a federal claim and removal was proper. ECF No. 10 at 3-5.

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). Pursuant to 28 U.S.C. § 1331, the district courts are vested with original jurisdiction over cases "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "In determining the presence or absence of federal jurisdiction, [courts] apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Calif. ex rel. Lockyer v. Dynegy, Inc.*, 375 F. 3d 831, 838 (9th Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Federal question jurisdiction requires that the complaint (1) arise under the Constitution or federal statute, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).

Here, plaintiff's complaint alleges that defendants terminated his membership with the Sacramento Independent Taxi Owners' Association ("SITOA") in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2(a)(1), a claim predicated on a federal statute. ECF No. 1-1 at 6. Accordingly, removal was proper under 28 U.S.C. § 1441(a) and plaintiff's motion to remand must be denied.

II.    Motion to Dismiss

Defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim under Title VII because it does not allege facts showing that defendants were

plaintiff's "employer," as defined by Title VII. ECF No. 4-1 at 4-5. They further argue that individuals, such as defendants, cannot be held liable for damages under Title VII. ECF No. 4-1 at 5.

### A. Background

Liberally construed, the complaint alleges that plaintiff worked as a taxi driver providing services to the Sacramento International Airport as a member of SITOA. ECF No. 1-1 at 3. SITOA is a taxi association, and its members own and operate their own taxi businesses. *Id.*

Plaintiff was allegedly a member of SITOA from 2006 until his membership was terminated in April 2018. *Id.* at 4. The stated reasons for the termination was plaintiff's alleged failure to abide by the association's rules as well as offering assistance to a competing taxi company to obtain the contract for providing services to the Sacramento International Airport, a contract SITOA has held for over twenty years. *Id.* at 4, 10-12. Plaintiff claims that his membership was wrongfully terminated in violation of the Civil Rights Act of 1964 because each of the defendants are Muslim and they hate plaintiff "for being a strict Hindu." *Id.* at 6. As addressed below, the core problem with plaintiff's Title VII claim is that he is not an employee and Title VII has no application to his association membership. It is clear that he challenges a termination of his membership in an association, not a termination of his status as an employee. To the contrary, plaintiff has confirmed that he owns and controls his own taxi business.

### B. Rule 12(b)(6) Standards

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

3

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

C. <u>Discussion</u>

Fundamentally, plaintiff's Title VII claim fails because he does not allege facts demonstrating that defendants were his employer, as defined by Title VII.

Title VII prohibits unlawful employment practices by employers, employment agencies, and labor organizations. 42 U.S.C. §§ 2000e-2(a)(1). Pursuant to Title VII, an "employer" is defined as "a person engaged in an industry effecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). To determine whether there is an employee-employer relationship, courts must apply the common-law agency test. *U.S. Equal Employment Opportunity Commission v. Global Horizons, Inc.*, 915 F. 3d 631, 639 (9th Cir. 2019). "[T]he principal guidepost" under that test is the element of control, meaning "the extent of control that one may exercise over the details of the work of the other." *Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440, 448 (2003) (internal quotation marks omitted).

/////

4

Here, plaintiff's allegations demonstrate that there was no agency relationship between himself and defendants. Significantly, he alleges that SITOA members own and operate their own taxi businesses and have equal status. ECF No. 1-1. Indeed, he confirms in his opposition that he "never claimed that [he] was an employee of SITOA." ECF No. 7-1.[3] Accordingly, defendants did not control the manner in which plaintiff owned and operated his own taxi business. *See Murray v. Principal Fin. Group, Inc.*, 613 F.3d 943, 946 (9th Cir. 2010) (holding that plaintiff was not an employee of defendants because the defendants did not control the manner and means by which plaintiff sold their financial products).

The same allegations also demonstrate that defendants (who are all individuals) are not employment agencies or labor organizations. Pursuant to Title VII, a labor organization is any organization of any kind . . . in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment." 42 U.S.C. § 2000e(d). An employment agency is defined under Title VII as procuring work opportunities for its employees. 42 U.S.C. § 2000e(c). Again, plaintiff specifically alleges that SITOA is a membership association and that each member independently owns and operates his or her own taxi business. ECF No. 1-1 at 3. Thus, SITOA and its board members do not act as a labor organization dealing with employee grievances or an agency providing employees with work opportunities. Accordingly, defendants are not a covered entity subject to liability under Title VII.

Additionally, plaintiff cannot establish a Title VII claim against defendants in their individual capacities. Individual defendants cannot be held liable for damages pursuant to Title VII. *See Holly D. v. Cal. Inst. Of Tech.*, 339 F. 3d 1158, 1179 (9th Cir. 2003) ("We have consistently held that Title VII does not provide a cause of action for damages against supervisors or employees."); *see also Miller v. Maxwell's Int'l.*, 991 F. 2d 583, 587 (9th Cir. 1993) (finding that Title VII liability does not extend to individuals).

---

[3] Plaintiff did not file a copy of his own opposition with the court. However, he did serve defendants with a copy of his opposition, which they submitted as an exhibit to their reply brief. *See* ECF No. 7-1.

Accordingly, plaintiff complaint must be dismissed for failure to state a claim.[4] The dismissal should be without leave to amend since plaintiff's allegations demonstrate defendants are not subject to liability under Title VII. Furthermore, at the August 28 hearing, plaintiff was unable to identifying any other federal statutes that defendants violated. Accordingly, granting leave to amend would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

III. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion to remand (ECF No. 6) be denied;

2. Defendants' motion to dismiss (ECF No. 4) be granted and plaintiff's complaint be dismissed without leave to amend; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

---

[4] Plaintiff also alleges that he was not afforded "a due chance" to challenge his termination. ECF No. 1-1 at 3. In his opposition he also claims that defendants "cancelled [his] membership without giving a due process hearing." ECF No. 7-1 at 2. To the extent plaintiff intended to allege a procedural due process claim under 42 U.S.C. § 1983, such a claim fails for failure to allege that defendants are state actors. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff also alleges that "[m]embership of SITOA is protected under Business and Professions Code Section 17200 . . ." ECF No. 1-1 at 3. To the extent plaintiff is attempting to allege a state law claim under Bus. & Prof. Code §§ 1720, *et seq.*, the court should decline to exercise supplemental jurisdiction over that claim. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims.").

6

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 4, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE